JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LEONETTI, AMANDA | CITY OF PHILADELPHIA and POLICE OFFICER JEAN SPICER |

| **(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA | County of Residence of First Listed Defendant   PHILADELPHIA |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Harry J. Kane, Jr., Esq., Saffren & Weinberg, 815 Greenwood Avenue, Ste 22, Jenkintown, PA  19046 (215) 576-0100 | |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 usc section 1983

Brief description of cause:
Assault

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
10/19/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1440 Wolf Street, Apt. 3, Philadelphia, PA 19145

Address of Defendant: One Parkway, 1515 Arch Street, Philadelhpia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

**CIVIL:** (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☒ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Harry J. Kane, Jr. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: October 19, 2011   Harry J. Kane, Jr   52610
_____   _____   _____
                    Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 19, 2011   Harry J. Kane, Jr   52610
_____   _____   _____
                    Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: __1440 Wolf Street, Apt. 3, Philadelphia, PA  19145__

Address of Defendant: __One Parkway, 1515 Arch Street, Philadelhpia, PA  19102__

Place of Accident, Incident or Transaction: __Philadelphia, PA__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning **10% or more** of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　　Yes☐　No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
　　　Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
　　　Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
　　　Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
　　　Yes☐　No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☒ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Harry J. Kane, Jr.__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
　☐ Relief other than monetary damages is sought.

DATE: __October 19, 2011__　　__Harry J. Kane, Jr__　　__52610__
　　　　　　　　　　　　　　Attorney-at-Law　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __October 19, 2011__　　__Harry J. Kane, Jr__　　__52610__
　　　　　　　　　　　　　　Attorney-at-Law　　　　Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| AMANDA LEONETTI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                 (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                 (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                 (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| October 19, 2011 | Harry J. Kane, Jr. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | hkane@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA LEONETTI | : | CIVIL ACTION NO. |
| 1440 Wolf St. | : | |
| Apt. 3 | : | |
| Philadelphia, PA 19145 | : | |
| Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF PHILADELPHIA | : | |
| One Parkway | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102-1595 | : | |
| and | : | |
| POLICE OFFICER JEAN SPICER | : | COMPLAINT |
| One Parkway | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102-1595, | : | |
| Defendants. | : | |

## JURISDICTION

This action is brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is based upon 28 U.S.C. Section 1331 and 1343(1), (3), (4), and the aforementioned statutory provision. Plaintiffs further invoke the pendent and ancillary jurisdiction of this Court to hear and decide claims arising under state law.

## VENUE

Venue is proper under 28 U.S.C. Section 1391(b) because the cause of action upon which the Complaint is based arose in Philadelphia, Pennsylvania which is in the Eastern District of Pennsylvania.

## PARTIES

1.      Plaintiff, AMANDA LEONETTI, is a citizen and resident of the City of Philadelphia, Philadelphia County, Commonwealth of Pennsylvania.

2.     Defendant City of Philadelphia is a municipality in the City of Philadelphia, Philadelphia County existing under the laws of the Commonwealth of Pennsylvania.

3.     At all times relevant herein the aforementioned Defendant employed Police officer JEAN SPICER who was at all times relevant hereto an officer with the City of Philadelphia Police Department and is being sued both individually and as officers, agents and/or employees of the City of Philadelphia.

4.     On October 22, 2009 at approximately 12:45 a.m.,  Plaintiff AMANDA LEONETTI was among thousands of Phillies fans located at Broad and Shunk St in South Philadelphia celebrating the Phillies' pennant clinching.

5.     At the aforementioned time and place, Defendant, SPICER was among the Philadelphia Police officers dispatched to the area for crowd control.

6.     As the Plaintiff attempted to cross Broad Street to return to her home on Wolf St., she was assaulted by Officer Spicer, who threw her to the ground, placed plastic handcuffs upon her and Physically abused her, without cause or justification.

7.     At the aforementioned time and place, Plaintiff was detained by Defendants, and held for transport to be charged with a Disorderly Conduct offense, pretextually fabricated by Officer Spicer to cover for her assault upon the plaintiff.

8.     Plaintiff was ultimately released at approximately 4:00 a.m from this unlawful and wrongful detention.

9.     Plaintiff suffered physical injury, shame and humiliation as a result of Officer Spicer's outrageous and unlawful conduct and her arrest and humiliation having been broadcast on local news.

10.     On December 18, 2009, all charges against the plaintiff were dismissed by the
trial court when the City and Officer Spicer failed to proceed.

11.     As a direct and proximate result of the aforementioned acts and omissions of the
Defendants, Plaintiff suffered and continues to suffer from but not limited to the
following:

    A.     Severe degradation, humiliation, embarrassment, emotional stress and
anxiety;

    B.     Extreme fear, anxiety and paranoia especially upon seeing police officers
and constables;

    C.     Damage to his reputation as a good, honest and law abiding citizen;

    D.     Having been and may continue to be prevented to attending to some or all
of his usual daily activities to his great detriment and loss;

    E.     Wrist trauma;

    F.     Post-Traumatic Stress/Anxiety Syndrome including but not limited to
sleeplessness, dizziness, nausea and feelings of despair.

    L.     Injuries to his nerves and nervous system;

12.     As a direct and proximate result of the aforementioned actions of the Defendants,
Plaintiff has been obliged to and may continue to expend various sums of money
and to incur various expenditures for medical expenses for an indefinite period of
time in the future, to his great detriment and loss.

13.     As a direct and proximate result of the aforementioned actions of Defendants,
Plaintiff, has suffered a severe loss of earnings and impairment of his earning

capacity or power, which will continue for an indefinite period of time in the future to his great detriment and loss.

14.    As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has and will thereafter incur other financial expenses and losses.

15.    As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff, has suffered agonizing aches, severe physical trauma and pains, contusions, bruises, numbness, disability, mental anguish, humiliation and emotional distress and he will continue to suffer the same for an indefinite time in the future, to his great detriment and loss.

**COUNT I**
**42 U.S.C. SECTION 1983 AND 1988**

16.    Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth herein at length.

17.    As aforementioned, Defendant, SPICER, acted in the course and scope of her employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant City of Philadelphia intentionally and maliciously assaulted Plaintiff and detained Plaintiff without probable cause, without due process of law and depriving them of the equal protection of the law and depriving them of the privileges and immunities afforded to citizens of the United States, all of which actions violated the Plaintiffs' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, laws of the United States and in violation of 42 U.S.C. Section 1983.

18.    As aforementioned, Defendant SPICER acted in the course and scope of her

employment, under the color of state law, and pursuant to the customs, policies
and practices of the Defendant, City of Philadelphia when she intentionally and
maliciously assaulted the Plaintiff and used her authority illegally and improperly
to punish the Plaintiffs all of which violated the Plaintiffs' rights under the Fourth,
Fifth, Sixth, Eight and Fourteenth Amendments of the Constitution of the United
States, the laws of the United States and in  violation of 42 U.S.C. Section 1983.

19.     The above described actions of Defendant, SPICER, were so malicious intentional
and/or grossly negligent, displayed such a reckless indifference to the Plaintiff's
rights and well being that the imposition of punitive damages is warranted against
Defendant SPICER.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988 Plaintiff demands
compensatory and punitive damages against all named Defendants in an amount in excess of
$100,000.00.

## COUNT II
## EXCESSIVE FORCE
## 42 U.S.C. SECTION 1983 AND 1988

20.     Paragraphs 1 through 19 are incorporated herein by reference as though each were
fully herein set forth at length.

21.     The injuries and damages aforementioned were caused solely and exclusively by
the carelessness and negligence of the Defendants its  police officers, constables
agents and/or employees.  In addition to that mentioned above consisted of the
following:

A.     Failing to restrain the unreasonable seizure of persons without probable
cause, without valid warrants by Defendants, police officers and/or

          constables;

B.     Failing to restrain the unreasonable assault upon the plaintiff;

C.     Failing to properly supervise and/or control police officers and/or other agents of Defendant City of Philadelphia;

D.     Using excessive force and inappropriate means by which to subdue Plaintiffs and take them into police custody;

E.     Failing to properly train, test and/or select police officers and/or constables;

F.     Failing to exercise due care for the Plaintiffs' safety under the circumstances;

G.     Failing to prevent Plaintiffs from being falsely invaded, falsely imprisoned and maliciously prosecuted by its officers where Defendants knew or had reason to know the previous conduct of said officers;

H.     Otherwise acted without due regard for the rights, safety and position of the Plaintiffs herein; and

I.     Otherwise violating the ordinances of the City of Philadelphia and statutes of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, demands judgment against all Defendants jointly and severally in an amount in excess of $100,000.00 plus costs, attorney fees and delay damages.

## COUNT III
## FALSE ARREST AND FALSE IMPRISONMENT

22.     Paragraphs 1 through 21 are incorporated herein by reference as if each were set

forth herein at length.

23.    Defendants SPICER, intentionally caused the false arrest and imprisonment of the

Plaintiffs without probable cause, without privilege and against the Plaintiff's

will.

24.    As a direct and proximate result of the malicious and intentional acts of the

Defendants' and their employees, Plaintiff suffered injuries which are described

above.

25.    The above described actions of Defendant, SPICER, were so malicious,

intentional and reckless and displayed such a reckless indifference to the

Plaintiffs' rights and well-being that the imposition of punitive damages is

warranted against Defendant.

WHEREFORE, Plaintiffs demands compensatory and punitive damages against the

Defendants jointly and severally to the common law torts of false arrest and false imprisonment

and in an amount in excess of $100,000.00 plus costs, interest, attorney fees and delay damages.

### COUNT IV
### INFLICTION OF EMOTIONAL DISTRESS
### 42 U.S.C. SECTION 1983 AND 1988

26.    Paragraphs 1 through 25 are incorporated herein by reference as if each were fully

herein set forth at length.

27.    Plaintiff believes and therefore avers that Defendants did inflict serious emotional

distress upon the Plaintiff in a careless and reckless manner.

28.    As a direct result of the actions of the Defendants, due to the actions of

Defendant SPICER, Plaintiff has been caused severe emotional damage and

experienced great emotional trauma.

       29.    Due to the negligence and recklessness of Defendant City of Philadelphia

       individually and by and through the actions of the Defendant SPICER consisted

inter alia of the following:

       A.  Failing to have an existence and/or maintain proper personnel training

       procedures necessary to prevent this type of conduct;

       B.  Failing to instruct and supervise their police officers in dealing with

       members of the public;

       C.  Failing to restrain use of force and unlawful seizures of persons by

       Defendant police officers and/or constables; and

       E.  Carelessly, recklessly and negligently employing, training, supervising

       and implementing personnel policies and procedures as discovery will

       disclose and Plaintiff hereby reserves the right to include other causes of

       action and negligence after discovery has been completed.

       WHEREFORE, Plaintiff, demands judgment against Defendants, jointly, severally and/or

individually  in an amount in excess of $100,000.00 plus costs, interest, attorney fees and delay

damages.

BY:_____
       HARRY J. KANE, JR., ESQUIRE
       Pa. Atty. I.D. No. 52610
       Saffren & Weinberg
       815 Greenwood Avenue, Suite 22
       Jenkintown, PA 19046
       (215) 576-0100